UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PETERSON P. MORVILLEZ** | : | **DOCKET NO. 2:06-cv-1212**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Peterson P. Morvillez, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges his continued detention pursuant to INA § 241.

This petition for writ of *habeas corpus* was filed by petitioner to challenge his continued detention post-removal-order custody. In light of the facts presented by petitioner, the court ordered the government to respond to the petition. Following the filing of the answer, the court determined that an evidentiary hearing was necessary for the adjudication of this *habeas corpus* petition. The evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date, the government moved to continue the hearing because a key government witness was unavailable and because petitioner was to be released to Pennsylvania authorities for prosecution on criminal charges in Pennsylvania. Following oral argument on this motion, the undersigned granted the motion and upset the hearing.

The respondent has filed summary judgment evidence which establishes that the petitioner

was released on January 26, 2007 pursuant to a warrant for his arrest from the State of Pennsylvania. *See* Doc. 27, Exhibit A.  Petitioner has filed no contradictory evidence.

Therefore, the evidence before the court establishes that petitioner was released from post-removal-order detention and is no longer in the custody of immigration officials.  Accordingly, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, March 16, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE